**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

CINDY WINWARD,

        Plaintiff,

  v.

PFIZER INC., *et al.*,

        Defendants.
_____

KIMBERLY CABLE,

        Plaintiff,

  v.

PFIZER INC., *et al.*,

        Defendants.

Nos.  C 07-0878 SBA
       C 07-0879 SBA

**ORDER**

Before the Court is plaintiffs Cindy Winward and Kimberly Cable's motion to consolidate their separate actions into one proceeding pursuant to Federal Rule of Civil Procedure 42(a) [Docket Nos. 17, 26]. Also before the Court is defendants Pfizer, Inc., Pharmacia Corporation, Pharmacia & Upjohn LLC, and Pharmacia & Upjohn Company, LLC's (collectively "defendants") motion to transfer these cases to other venues [Docket Nos. 22, 30]. After reading and considering the arguments presented by the parties, the Court finds these matters appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion to consolidate is DENIED and the motion to transfer venue is GRANTED.

**BACKGROUND**

Plaintiff Cindy Winward resides in Price, Utah. Plaintiff Kimberly Cable is a citizen of Harrisburg, Pennsylvania. Both plaintiffs have instituted actions against the defendants alleging they were injured from the use of Depo-Provera Injectable Contraceptive (a.k.a, DMPA, or depot medroxyprogesterone acetate), a prescription pharmaceutical for the prevention of pregnancy

manufactured, sold, distributed, developed, and marketed by the various defendants. The plaintiffs claim Depo-Provera causes women to sustain permanent loss of bone-mass density.

Cindy Winward was diagnosed with osteoporosis in 2006, and asserts it was caused by the use of Depo-Provera. Winward brings causes of action for: (1) negligence for failing to adequately test for the risks of Depo-Provera and for failing to provide adequate warnings of the risks of the drug; (2) product liability; (3) negligent misrepresentation; (4) intentional misrepresentation; (5) breach of express warranty; (6) breach of implied warranty; (7) negligent infliction of emotional distress; and (8) intentional infliction of emotional distress. Kimberly Cable is also suing the same defendants, alleging she developed osteoporosis due to the use of Depo-Provera. She brings the same causes of action.

On March 12, 2007, the Court found that *Cindy Winward v. Pfizer Inc., et al.*, 07-0878 and *Kimberly Cable v. Pfizer Inc., et al.*, 07-0879 are related actions. On April 10, 2007, the plaintiffs submitted a motion to the Judicial Panel on Multidistrict Litigation to consolidate their actions with *Riddell v. Pfizer* Case No. 06-5418, a class action pending in the District of New Jersey. This was denied by the MDL Panel on August 6, 2007.

The plaintiffs are now requesting that their two actions be consolidated into one proceeding before this Court. The defendants request that the Court transfer the plaintiffs' cases to the United States District Court for the Middle District of Pennsylvania and the United States District Court for the District of Utah, respectively.

**LEGAL STANDARDS**

Title 28 U.S.C. § 1404(a) declares that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A determination of whether an action should be transferred is a two-step analysis. First, the court must determine whether the action "might have been brought" in the potential transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). If so, then the court makes an "individualized, case-by-case determination of convenience and fairness," weighing (1) the convenience of the parties; (2) the

convenience of the witnesses; and (3) the interest of justice. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). In weighing these factors, the court may take into account: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *GNC Franchising, Inc.*, 211 F.3d at 498-99. The burden is on the moving party to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Carolinas Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

**ANALYSIS**

Because this Court will lose jurisdiction over these proceedings if they are transferred, it is prudent to consider the motion to transfer before determining the appropriateness of consolidation. *See, e.g., State of Utah v. American Pipe & Constr. Co.*, 316 F. Supp. 837, 839 (C.D. Cal. 1970) (jurisdiction ceases after an order transferring venue). The short version of the defendants' argument in favor of transfer is that:

> (1) neither plaintiffs nor the subject matter of their claims have any connection with the forum state; (2) plaintiffs' claims arise from their use of the prescription medication Depo-Provera® Contraceptive Injection ("DPCI"), which occurred exclusively in their respective home states; (3) relevant witnesses and sources of proof are located in the transferee districts, not the forum state; and (4) the interests of justice weigh in favor of transfer.

Docket No. 31, at 1.

The plaintiffs purport to oppose transfer, but most of their efforts aim to persuade that New Jersey is in fact that most appropriate venue for these two cases, and that if the Court transfers these actions, it should do so to that district. However, the plaintiffs have no motion before the Court actually requesting a transfer of venue to the District of New Jersey. While a district court may transfer venue *sua sponte*, it is not clear why the plaintiffs could not voluntarily withdraw their actions and refile in

3

New Jersey. The plaintiffs have not suggested that the statute of limitations have run or that there is any other obstacle to doing so. Accordingly, the Court will focus on the request actual before it---a transfer of these cases to Utah and Pennsylvania.

**1.      Propriety of Venue in the District of Utah and the Middle District of Pennsylvania**

The first step is for the Court to determine if the District of Utah and the Middle District of Pennsylvania are venues where these actions "might have been brought." The defendants assert they are, and the plaintiffs make no contention otherwise. The defendants state that they are subject to the personal jurisdiction of each potential transferee court, and that both transferee courts have subject matter jurisdiction based on the diverse citizenship of the parties.

The parties agree on the citizenship of both plaintiffs and the defendants. As previously noted, Winward is a resident of Utah and Cable is a resident of Pennsylvania. Defendant Pfizer, Inc. is a Delaware corporation with its principal place of business in New York. The remaining defendants are Delaware corporations with their principal places of business in New Jersey. Given the diversity of citizenship of the parties, the District of Utah and the Middle District of Pennsylvania are venues where these actions might have properly been brought.

**2.      Weighing of Transfer Factors**

    **A.      The Plaintiffs' Choice of Forum**

Having successfully cleared the initial hurdle of demonstrating an alternative forum, the Court weighs the various factors for transfer. In the usual case, unless the balance of the section 1404(a) factors weigh heavily in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Securities Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *see also Lou*

4

1 *v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (same); *Allegiance Healthcare Corp. v. London Int'l Group, PLC*, 1998 WL 328624, at *1 (N.D. Cal. 1998) ("the plaintiff's choice of forum commands only minimal consideration . . . where he is not a resident of the district where he instituted suit, the operative facts have not occurred within the forum, and the forum has no particular interest in the parties or subject matter").

Neither Winward nor Cable are residents of California. Neither plaintiff was prescribed nor used the contraceptive in this state. There is no suggestion that the plaintiffs have been treated for their alleged injuries in California. The plaintiffs' prescribing and treating physicians are located within their respective home states. The plaintiffs' only suggestion of a connection with California is their statement that "it is not clear to plaintiffs to what extent Pfizer La Jolla Laboratories was responsible for the research, testing, development, manufacturing, sales, distribution, promotion, labeling and marketing of Depo-Provera, the drug that injured plaintiffs." Docket No. 43, at 8.

Shortly thereafter, the plaintiffs go on to somewhat undercut the suggestion of any involvement by the laboratory in California by asserting that, "[t]he percipient and fact witnesses on liability for the most part all reside in the state of New Jersey." *Id*. The plaintiffs add that New Jersey "is the location where Depo-Provera was researched, designed, manufactured, and/or sold" and that the "defective drug was manufactured, distributed, promoted, marketed and placed into the stream of commerce in the State of New Jersey . . . ." *Id*. at 8-9.

The defendants have submitted an affidavit that "No activity related to the manufacture, sale, distribution, development, labeling, packaging, or marketing of Depo-Provera® Contraceptive Injection is conduced at Pfizer's La Jolla, California facility." Docket No. 45 (Biason Decl. at ¶ 22).

Thus, there is no evidence that California has a particular interest in the parties or the subject matter of these two actions. The Court finds that the plaintiffs' choice of forum is therefore entitled to only minimal consideration.

**B.   Convenience of the Parties**

Neither party argues that this Court provides a convenient forum. Indeed, despite disagreement by the parties over where the most appropriate venue is, the parties agree that with respect to the

5

individual plaintiffs, the defendants, and the potential witnesses, this venue is not the most convenient.

One plaintiff is located in Pennsylvania, while the other is in Utah. The defendants are either incorporated or have their principal places of business in New York, New Jersey, or Delaware, all on the East Coast. The plaintiffs' only argument for venue in this judicial district is that California is the location of their counsel. The plaintiffs contend that if their actions are transferred to their home states,

> each plaintiff would be required to locate and retain legal local representation. This will be difficult. If representation is not available, plaintiffs' actions will be dismissed for lack of prosecution, since current counsel would not be able to continue with representation if the actions are transferred. As a result, plaintiffs will have effectually been denied due process.

Docket No. 43, at 3.

The location of counsel and the need to retain counsel in the transferee district is of little, if any, weight in considering a motion to transfer pursuant to section 1404(a). *See, e.g., In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (per curiam); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Gelber v. The Leonard Wood Mem'l*, 2007 WL 1795746, at *4 n.2 (N.D. Cal. 2007); *Guerrero v. Habla Communicaciones*, 2006 WL 696646, at *2 n.1 (S.D. Tex. 2006); *Panetta v. SAP Am., Inc.*, 2005 WL 1774327, at *5 (N.D. Cal. 2005) ("the location of plaintiff's counsel is immaterial to a determination of the convenience and justice of a particular forum"); *Strauss v. Wet Highland Captial, Inc.*, 2000 WL 1505957, at *3 (S.D.N.Y. 2000) (citation omitted) ("Inconveniences due to plaintiff's need to retain counsel in the transferee district 'is of little, if any, weight, on a motion to transfer'"). Moreover, the plaintiffs offer no explanation of why representation would not be available in either Utah or Pennsylvania. The Court finds then, that this district is not a convenient forum for either party and that the plaintiffs' home states would be a more convenient venue for the parties.

### C.   Convenience of the Witnesses

The defendants argue that most of the relevant witnesses are in the plaintiffs' home states---the plaintiffs themselves, their families, and their prescribing and treating physicians. The plaintiffs argue that most of the relevant witnesses are employees of the defendants located in New Jersey. Thus, again, wherever the most convenient forum for the witnesses is located, it is clear that it is not in this judicial

6

district.

As for plaintiff Cable, Pennsylvania will be a much more convenient forum for witnesses, who are, by the parties' accounts, located in either that state, or in the neighboring state of New Jersey. With respect to plaintiff Winward, whether more of the witnesses are located in Utah or located in New Jersey, a California forum is not particularly convenient to any of the potential witnesses. Accordingly, either Utah or Pennsylvania are more convenient forums for the witnesses than is the Northern District of California.

### 3.     The "Cross-Motion" and the Plaintiffs' Opposition

As a final note, both parties raise procedural objections. The plaintiffs object that the defendants' "cross-motion" is not a recognized procedural device and that the motion to transfer was not properly noticed. The defendants object that the plaintiffs did not file a timely objection to the motion to transfer and the motion should be granted as unopposed. Neither objection is particularly weighty and in the interests of timely disposition, the Court has chosen to consider and resolve the motion on the merits.

With respect to the plaintiffs contention that a "cross-motion" is not recognized as a proper motion, this places too much emphasis on a less than meaningful label.[1] As for the argument that the motion to transfer was not properly noticed, the docket reflects that it was in fact noticed twice: once on June 26, 2007, and again on July 12, 2007. *See* Docket Nos. 22, 30. Turning to the defendants' argument that the opposition should not be considered because of its untimeliness, given that the Court is finding in the defendants' favor, this objection is moot.

### CONCLUSION

Accordingly, the Court DENIES plaintiffs Cindy Winward and Kimberly Cable's motion to consolidate their separate actions into one proceeding [Docket Nos. 17, 26]. The Court GRANTS the

---

[1]   Moreover, it is not uncommon for parties to, for instance, file "cross-motions" for summary judgment.

7

1  defendants' motion to transfer the plaintiffs' cases to other venues [Docket Nos. 22, 30].  *Cindy*
2  *Winward v. Pfizer Inc., et al.*, 07-0878, is hereby transferred to the United States District Court for the
3  District of Utah.  *Kimberly Cable v. Pfizer Inc., et al.*, 07-0879, is hereby transferred to the United States
4  District Court for the Middle District of Pennsylvania.  The Clerk of Court is directed to transfer the
5  files to those districts accordingly and thereafter close all pending matters and the case file.
6  IT IS SO ORDERED.

7
8  October 18, 2007                                        _____
                                                            Saundra Brown Armstrong
                                                            United States District Judge